**LUCKENBACH STEAMSHIP CO., Inc., as Owner of the SS ROBERT LUCKEN-BACH and as Bailee of the cargo laden thereon, Appellant,**

v.

**PANAMA CANAL COMPANY, Appellee.**

No. 22702.

United States Court of Appeals
Fifth Circuit.

June 30, 1967.

Donald M. Waesche, Jr., Kenneth H. Volk, New York City, Burlingham, Underwood, Barron, Wright & White, New York City, and De Castro & Robles, Balboa, Canal Zone, for appellant.

Jerry W. Mitchell, David J. Markun, Gen. Counsel, Balboa Heights, Canal Zone, for appellee.

Before THORNBERRY and COLEMAN, Circuit Judges, and YOUNG, District Judge.

PER CURIAM.

Luckenbach Steamship Company, as ownr of the SS Robert Luckenbach and as bailee of her cargo, appeals from a decree dismissing its libel against the Panama Canal Company. We affirm.

In extensive findings of fact and conclusions of law, reported at 236 F.Supp. 866, the District Court held that appellee's pilot exercised due care prior to and during the sheering and grounding of the vessel in the Panama Canal and that the accident was not the fault of appellee.

■ Luckenbach contends that the District Court erred in finding (1) that the pilot was not negligent in proceeding at the course followed and speed accomplished; (2) the pilot took prompt and adequate measures to arrest sheer; and (3) a temporary, self-correcting failure of the Luckenbach's steering gear was reasonably established as the cause of the grounding. The action of the trial court in admitting into evidence and allowing great credence to the findings and conclusions of the Board of Local Inspectors of the Panama Canal Company is also complained of.

The detailed evidence is clearly and succinctly set out in the published opinion of the District Court. Repeated examination of the record presents us with no basis for deciding here that these findings were clearly erroneous.

■ As for the admissibility of the findings and conclusions of the Local Board, the Canal Zone Code appears to allow such reports as an exception to the hearsay rule.[1] Even in the absence of statutory authority, reports of Boards of Local Inspectors have been held admissible, cf. Judge Borah's opinion in The Abangarez, E.D.La.1932, 60 F.2d 543, 544, approved in Victorias Milling Co. v. Panama Canal Co., 5 Cir., 1959, 272 F.2d 716, 724, fn. 14.

Affirmed.

---

1. Section 2962, title 5 of the Canal Zone Code, governing introduction of evidence in the United States District Court for the District of the Canal Zone, provides,

"§ 2962. Hearsay evidence excluded; exceptions

Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is heresay [sic] evidence and inadmissible except: * * *

(15) Reports and Findings of Public Officials. Subject to section 2963 of this title, written reports or findings of fact made by a public official of the United States, or any agency thereof or of a state of the United States, if the judge finds that the making thereof was within the scope of the duty of such official and that it was his duty (A) to perform the act reported, or (B) to observe the act, condition or event reported, or (C) to investigate the facts concerning the act, condition or event and to make findings or draw conclusions based on such investigation."